## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

IN RE:  Emma Calvin,                          BKY  18-43129

                    Debtors.                          Chapter 13 case

NOTICE OF HEARING AND VERIFIED MOTION
FOR DETERMINATION OF THE SECURED STATUS OF MINNESOTA HOUSING
FINANCE AGENCY'S CLAIM FOR THE PURPOSE OF CONFIRMATION OF THE
DEBTOR'S PLAN PURSUANT TO 11 U.S.C. § 506 AND LOCAL RULE 3012-1

TO: Jamie Dimon, CEO, JPMorgan Chase Bank, N.A.; Mary Tingerthal, Commissioner,
        Minnesota Housing Finance Agency, and other entities specified in Rule 9014(b).

1. The debtor moves the court for the relief requested below and gives notice of
hearing.

2.  The court will hold a hearing on this motion at 10:30 a.m. on December 6, 2018, in
Courtroom No. 7W, at the United States Courthouse, at 300 4th Street S. in Minneapolis,
Minnesota 55415.

3.  Any response to this motion must be filed and served not later than  December 3,
2018, which is the first business day after five days before the time set for the hearing.
UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT
MAY GRANT THE MOTION WITHOUT A HEARING.

4.  This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334,
Fed. R. Bankr. P. 5005 and Local Rule 1070-1. This proceeding is a core proceeding.

5. This motion arises under 11 U.S.C. § 506, Fed. R. Bankr. P. 3012 and Local Rule
3012-1. This motion is filed under Fed. R. Bankr. P. 9014.

6. On October 2, 2018, the debtor filed for relief under Chapter 13 of the United States
Bankruptcy Code. The case is now pending in this court.

7. The purpose of this motion is to determine the secured status of the claim held by
Minnesota Housing Finance Agency (hereinafter the "junior lienholder") against the
debtor's personal residence for the purpose of confirmation of the debtor's Chapter 13
plan pursuant to 11 U.S.C.§ 506 and Local Rule 3012-1.

8. Debtor requests a determination by this court pursuant to 11 U.S.C. § 506 as it pertains
to their principal residence located at 1816 Laramie Trail, Brooklyn Park. MN 55444,
(hereinafter "property") and legally described as:

Lot 5, Block 2, Lynbrook Plat No. 1, according to the map or plat thereof on file or of record on the Office of the Registrar of Titles in and for Hennepin County, Minnesota

9. The debtor's plan proposes to treat the claim of junior lienholder as unsecured in its entirety. A copy of the debtor's chapter 13 plan is attached as Exhibit A.

10. The debtor sets forth that the market value of the property is not more than $177,000 and provides the Appraisal dated September 12, 2018 in support as Exhibit B.

11. JPMorgan Chase Bank, N.A. holds a senior mortgage lien with an approximate balance of $235,552.33, as of the date of filing, evidenced by the monthly mortgage statement attached as Exhibit C.

12. Minnesota Housing Finance Agency holds a junior mortgage lien as security for payment of a debt. A copy of the recorded mortgage instrument #4478715 (and its assignment from its original holder, instrument #4478716) and a copy of all recorded assignments and amendments prepared by Old Republic Business & Information Technologies, along with all other evidence to establish that the identified creditor is the current holder of the mortgagee's rights under the mortgage, are attached as Exhibit D. The balance on the Note as of the date of filing was approximately $9,780.01. See Exhibit E.

13. The balance due the holder of the first lien exceeds the market value of the property. Therefore, junior lienholder is entirely unsecured. Any claim filed by junior lienholder for the second mortgage is allowable only as an unsecured claim.

WHEREFORE, the debtor respectfully requests:

    a)   This court determine the claim in this case held by Minnesota Housing Finance Agency, its successors or assignees, is unsecured for the purpose of confirmation of the debtor's chapter 13 plan.

Dated: November 15, 2018

/e/ Curtis K. Walker
Curtis K. Walker, #113906
Andrew C. Walker, #392525
Bennett Hartz #393136
Attorney for Debtors
4356 Nicollet Avenue South
Minneapolis, MN 55409
(612) 824-4357

I, the undersigned movant and debtor, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed: 11/14/18

Emma Calvin

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

IN RE:  Emma Calvin,          Case no. BKY 18-43129

            Debtor.                    Chapter 13 Case

MEMORANDUM OF FACTS AND LAW IN SUPPORT
OF MOTION FOR DETERMINATION OF THE SECURED STATUS OF
MINNESOTA HOUSING FINANCE AGENCY'S CLAIM FOR THE PURPOSE OF
CONFIRMATION OF THE DEBTOR'S PLAN PURSUANT TO 11 U.S.C. § 506 AND
LOCAL RULE 3012-1

### FACTS

The debtor filed a chapter 13 case on October 2, 2018. The subject property is located at 1816 Laramie Trail, Brooklyn Park. MN 55444, and is legally described as:

Lot 5, Block 2, Lynbrook Plat No. 1, according to the map or plat thereof on file or of record on the Office of the Registrar of Titles in and for Hennepin County, Minnesota.

The property was listed on Schedule A of the Petition with a market value of $177,000. Exhibit B. The claim of JPMorgan Chase Bank, N.A. (the "senior lienholder") secured by a senior mortgage lien against the property is listed as $235,552.33, in excess of the value of the property. Exhibit C. The claim of Minnesota Housing Finance Agency (the "junior lienholder"), secured by a junior lien, is listed as $9,780.01. However, there is no value in the property in excess of the senior lien to secure the junior lienholder's claim.

The debtor's chapter 13 plan proposes to treat the junior lienholder's claim as unsecured in its entirety and to strip off its lien from the debtors' principal residence as there is no value in the property over and above the senior lien to secure it. Exhibits A, B, C, and D.

### DISCUSSION

11 U.S.C. § 506 allows a determination of the secured and unsecured status of a creditor's claim secured by a lien on property in which the estate has an interest. Secured claims are to be valued and allowed as secured to the extent of the value of the collateral, and unsecured to the extent it is enforceable, for the excess over such value. Id. 11 U.S.C.

11 U.S.C. §1322(b)(2) allows a chapter 13 debtor to modify the rights of a wholly unsecured mortgagee. In re Schmidt, 765 F.3d 877, 879 (8th Cir. 2014); see also in re Fisette, 455 B.R. 177 (8th Cir. BAP Minn. 2011). Chapter 13 debtors are allowed to proceed by motion to strip a creditor's lien against a principal residence through the valuation process pursuant to 11 U.S.C. §506 and Federal Rules of Bankruptcy Procedure

3012 and 9014. <u>In re Robert</u>, 313 B.R.545, 549-550 (Bkrtcy. N.D.N.Y. 2004) (where the lien is wholly unsecured, it may be stripped by motion if the debtor does not contest the validity, extent, or priority of the creditor's lien and the debtors satisfy the requirements of due process).

The senior lienholder's lien in the amount of $235,552.33 exceeds $177,000, the fair market value of the property. Exhibits B & C. There is no remaining value to secure the junior lienholder's claim, making it wholly unsecured. 11 U.S.C. §506. Therefore, the debtor may modify the junior lienholder's claim and strip off its lien against the property upon completion of all plan payments, or entry of a discharge order, as provided for in the proposed chapter 13 plan. <u>See Schmidt</u>, 765 F.3d at 879.

The debtor has served this notice and motion on each entity listed on the certificate of service, as required by the Fed R. Bankr. P. 3012 and 9014(b), and has requested determination that the claim held by junior lienholder is wholly unsecured pursuant to Local Rule 3012-1.

## CONCLUSION

The debtor respectfully requests a determination that the claim in this case, held by Minnesota Housing Finance Agency, is wholly unsecured pursuant to 11 U.S.C. §506. Further, the debtor requests an order requiring the chapter 13 trustee to treat any timely claim filed by Minnesota Housing Finance Agency only as an unsecured claim, and allowing the debtor to request supplemental relief as set forth in Local Rule 3012-1(f) upon completion of their chapter 13 plan payments.

Respectfully submitted,

/e/ Curtis K. Walker
Curtis K. Walker, #113906
Andrew C. Walker, #392525
Bennett Hartz #393136
Attorney at Law
4356 Nicollet Ave So
Minneapolis, MN 55409
(612) 824-4357

**UNITED STATES BANKRUPTCY COURT**

# DISTRICT OF MINNESOTA

IN RE: Emma Calvin,                          Case no. BKY 18-43129

             Debtor.                              Chapter 13 case

## ORDER

---

This case came before the Court on the debtor's motion for determination of the value of the claim held by Minnesota Housing Finance Agency and its successors or assignees on December 6, 2018. The debtor filed a plan proposing to treat the claim of Minnesota Housing Finance Agency as unsecured in its entirety as it pertains to property located at 1816 Laramie Trail, Brooklyn Park. MN 55444, and legally described as: Lot 5, Block 2, Lynbrook Plat No. 1, according to the map or plat thereof on file or of record on the Office of the Registrar of Titles in and for Hennepin County, Minnesota (hereinafter the "property").

The debtor submitted evidence that the market value of the property is no more than $177,000 and that the claim at filing of the senior lienholder, JPMorgan Chase Bank, N.A., was $235,552.33. No objection to the treatment of the claim held by junior lienholder Minnesota Housing Finance Agency as unsecured has been made, or, if made, any objections have been withdrawn or overruled by the Court.

Based on the record of these proceedings,

IT IS ORDERED:

1. Minnesota Housing Finance Agency's claim associated with a junior mortgage against the debtor's residence, legally described as Lot 5, Block 2, Lynbrook Plat No. 1, according to the map or plat thereof on file or of record on the Office of the Registrar of Titles in and for Hennepin County, Minnesota, is to be treated as wholly unsecured by operation of 11 U.S.C. § 506 for the purpose of confirmation of the debtor's chapter 13 plan;

2. The Standing Trustee shall treat any claim filed by Minnesota Housing Finance Agency and its successors or assignees only as an unsecured claim;

3. Upon completion of the debtor's payments under their plan, the debtor may request supplemental relief as provided for in Local Rule 3012-1(f) if Minnesota Housing Finance Agency's mortgage lien is not voluntarily released or satisfied.

DATED:                          _____

                                  Judge Michael E. Ridgway
                                  United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

IN RE: Emma Calvin                    Case no. BKY 18-43129

          Debtor.                    Chapter 13 case

UNSWORN CERTIFICATE OF SERVICE

       I, Bennett Hartz, declare under penalty of perjury that on November 15, 2018, I mailed copies of the foregoing Notice of Hearing and Verified Motion To Determine The Secured Status of Minnesota Housing Finance Agency's Claim For the Purpose Of Confirmation of the Debtor's Plan Pursuant to 11 U.S.C. §506 and Local Rule 3012-1, Memorandum of Law, and Proposed Order by first class mail postage prepaid to each entity named below at the address stated below for each entity:

United States Trustee
1015 U.S. Courthouse
300 South 4th Street
Minneapolis, MN 55415

Gregory A. Burrell, Chapter 13 Trustee
100 South Fifth Street, Suite 480
Minneapolis, MN 55402

AmeriNational Community Services, LLC d/b/a AmeriNat
217 S. Newton Ave
Albert Lea, MN 56007

JPMorgan Chase Bank, N.A.
c/o Usset, Weingarden & Liebo, PLLP
4500 Park Glen Road, Suite 300
St. Louis Park, MN 55416

and by certified mail to:

JPMorgan Chase Bank, N.A.
Jamie Dimon, CEO
1111 Polaris Parkway
Columbus, OH 43240

Minnesota Housing Finance Agency
Mary Tingerthal, Commissioner
400 Wabasha Street, Suite 400
St. Paul, MN 55102

The following methods were used to determine the names and addresses of the parties served by certified mail:

JPMorgan Chase Bank, N.A. CEO Jamie Daimon, as listed on the bank's website, was served at the bank's headquarters, as it is registered with the FDIC. See Exhibit F.

Minnesota Housing Finance Agency Commissioner Mary Tingerthal, as listed on the agency's website, was served to the agency's primary office address listed on its website. Exhibit F.

According to a title search, Wilmot Flomo Kulah, who is Calvin's ex-husband, held a martial lien against the property following their divorce in 2006. Mr. Kulah passed away without an estate on May 15, 2014. His sole heir under Minn. Stat. 524 was his and Ms. Calvin's daughter, who resides with Ms. Calvin.


Executed on: November 15, 2018                    */s/ Bennett Hartz*


8